DANBURY AREA COALITION FOR THE        :
RIGHTS OF IMMIGRANTS, ECUADORIAN      :
CIVIL CENTER OF DANBURY, JUNTA        :
FOR PROGRESSIVE ACTION, INC.,         :
UNIDAD LATINA EN ACCION, and          :
NATIONAL IMMIGRATION PROJECT OF       :
THE NATIONAL LAWYERS GUILD, INC.,     :
                                      :
                 Plaintiffs,          :
                                      :    Civil No. 3:06CV1992(RNC)
     v.                               :
                                      :
U.S. DEPARTMENT OF HOMELAND           :
SECURITY,                             :
                                      :
                 Defendant.           :
_____:

## ORDER

Pending before the court is Plaintiffs' Motion to Stay
Consideration of Defendant's Motion for Summary Judgment Pending
Completion of Discovery (Doc. # 56).  Although labeled a motion
for stay, it is apparent that, in actuality, the plaintiffs are
invoking Fed. R. Civ. P. 56(f) and seeking permission to conduct
discovery to determine whether the Department of Homeland
Security ("DHS") discharged its statutory obligation to search
for agency records which plaintiffs requested under the Freedom
of Information Act ("FOIA").  See Doc. #65-1 at 4.

It is generally inappropriate to order discovery in an FOIA
case unless the plaintiff can raise a sufficient question as to
good faith or reasonableness of an agency's search for responsive
documents.  See, e.g., Carney v. United States Dep't of Justice,

1

19 F.3d 807, 812 (2d Cir. 1994).  However, as an initial matter,

"the defending agency has the burden of showing that its search

was adequate," a burden it may meet by submitting a relatively-

detailed, nonconclusory affidavit which provides evidence that

the agency has made a good faith effort to process plaintiffs'

request.  See id.; Safecard Servs. Inc. v. S.E.C., 926 F.2d 1197,

1200 (D.C. Cir. 1991).

Such affidavits must "explain in reasonable detail the scope

and method of the search conducted by the agency . . . ." Perry

v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).  "Where the

agency's responses raise serious doubts as to the completeness of

the search or are for some other reason unsatisfactory, summary

judgment in the government's favor would usually be

inappropriate."  Id.

In this case, the adequacy of the agency's response is

unclear because, after reviewing the agency's affidavits, the

court cannot ascertain what actions the defendant took to ensure

that the search was adequate and complete.  DHS relies on the

Declaration of Anastazia Taylor (Doc. #52-2).  Ms. Taylor is a

Paralegal Specialist in the DHS' Washington, D.C. office.  Her

affidavit is incomplete in that it does not outline such

fundamentals as who supervised the search for the documents

requested by the plaintiffs; how DHS established and updated its

record-keeping of documents encompassed by the plaintiff's

request; why the agency searched the particular records they chose to search; and even how and where the search for records was undertaken.

Furthermore, the Ms. Taylor's Declaration is deficient in that it does not address the apparent absence of documents which the plaintiffs strongly contend should exist in the DHS' Hartford, Connecticut office. See Doc. # 56 at 13 et seq. As succinctly summarized during a May 3, 2007 Telephone Conference before Chief Judge Chatigny (Doc. # 27), DHS operations such as those at issue in this case should have generated "four documents . . . as a matter of course, according to ICE's own internal procedures, and if they weren't, . . . or if the agency is unable to locate them, it would raise doubts as . . . as to the reasonableness of the [document] search . . . ." Doc. # 27 at 12-13. The Taylor Declaration leaves this important issue unaddressed.

The court finds the agency has not provided an affidavit (or affidavits) adequate to meet its burden. Under similar circumstances, courts have permitted the agency to submit a supplemental affidavit by which it can address deficiencies such as those outlined. See, e.g., Founding Church of Scientology of Washington, D.C. v. U.S. Marshals Serv., 516 F. Supp. 151, 156 (D.D.C. 1980).

It is hereby ORDERED that, within 10 days of the date of

this ruling, the defendant shall file a supplemental affidavit (or affidavits) which addresses in sufficient detail, the scope and adequacy of the agency's search for documents, as discussed above.  After receipt of the supplemental affidavit(s), if the plaintiffs have further requests of the court directed to the adequacy of the submission, they shall file such requests within 10 days.

SO ORDERED.

Dated at Hartford, Connecticut, this 30th day of June, 2008.


_____/s/_____
Donna F. Martinez
United States Magistrate Judge