## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANBURY AREA COALITION FOR THE RIGHTS OF IMMIGRANTS, et al., | : |
| | : CIVIL NO.: 3:06CV1992(RNC) |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : |
| | : |
| Defendants. | : |

## **SUPPLEMENTAL DECLARATION OF CATRINA PAVLIK-KEENAN IN SUPPORT OF DHS'S M**

I, Catrina Pavlik-Keenan, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the Director of the Freedom of Information Act ("FOIA")/Privacy Act Office at U.S. immigration and Customs Enforcement ("ICE") within the Department of Homeland Security ("DHS") (the "ICE FOIA office"). I have held this position since December 18, 2006, when the ICE FOIA office was created. Prior to this position, I was employed with the FOIA office at the Transportation Security Administration (TSA) for approximately four years, first as a Supervisory FOIA Analyst, then as Deputy Director for two years, and finally as Director of the TSA FOIA office. In total, I have 16 years experience in processing FOIA requests.

2. As the ICE FOIA Director, I am the individual primarily responsible for the oversight of the ICE FOIA office. My official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office, which, at the time the agency responded to the requests that are the subject this litigation, included a staff consisting of 4 ICE FOIA Paralegal Specialists who reported to me regarding the processing of FOIA requests. The

statements contained in this declaration are based upon my personal knowledge and experience, review of documents kept in the normal course of business, and information conveyed to me by other ICE employees and ICE FOIA staff in the course of my official duties.

3. Due to the nature of my official duties, 1 am familiar with the procedures followed by ICE in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. §552, and the Privacy Act of 1974, 5 U.S.C. §552a. Specifically, 1 am familiar with the treatment which has been afforded the Plaintiffs' FOIA requests that are the subject of this litigation known as ICE FOIA Request 09-49325.

4. On October 25, 2006, the ICE Office of Investigations (OI), Mission Support Division, Information Disclosure Unit (IDU), received a FOIA request from Plaintiffs, Danbury Area Coalition for the Rights of Immigrants, Eduadorian Civic Center of Danbury, JUNTA for Progressive Action, Inc, Unidad Latina En Accion, and National Immigration Project of the National Lawyers Guild, Inc. (collectively, "Plaintiffs"). Plaintiffs' FOIA request was dated October 24, 2006, addressed ICE. See Exhibit 1. The request was entitled Freedom of Information Act Request for disclosure of all records created from December 1, 2001 to the present relating to;

- The investigation, arrest and detention of 11 men in Danbury, Connecticut on September 19, 2006, including but not limited to all G-123A Complaint forms, all G-166C Memorandums of Investigation, all Press Releases, and all Post-Investigation Reports;
- The transfer of the following men from Plymouth County Correctional Facility in Plymouth, Massachusetts to Harlingen, Texas on or about October 5, 2006: Daniel Maria Chavez (A98300502), Manuel Morocho Alvaraein (A98300501), Nicolas Segundo Sanchez (A98300503), and Juan Carlos Simbanach (A98300506);
- The investigations, arrests and detentions of suspected undocumented aliens in Danbury, Connecticut on February 14, 2006, June 8, 2006, and October 11, 2006, including but not limited to all G-123A Complaint forms, all G-166C Memorandums of Investigation, all Press Releases, and all Post-Investigation Reports;

- All agency surveillance activities in the city of Danbury, Connecticut;
- All agency surveillance or arrest of immigration absconder in Danbury, Connecticut, including but not limited to all records relating to agency cooperation or coordination with Danbury police under the absconder program;
- Any guidance, memoranda, or other communication relating to ICE agency cooperation or other dealings with the Police Department of Danbury, Connecticut, including but not limited to the Special Investigations Department; Any communication, cooperation, or other dealings with the Mayor of Danbury, Connecticut, or the Mayor's office, corporation counsel, or any other city
agency or official, including, but not limited to any records relating to a Memorandum of Understanding between ICE and the City of Danbury;
- Any other dealings with the city of Danbury or its agents, no covered in the foregoing descriptions, including but not limited to any other surveillance, investigations, arrests or detentions of suspected undocumented aliens.

5.    The purpose of this second supplemental Declaration is to describe the

supplemental search of the Office of Detention and Removal Operations (DRO).

6.    During the course of discovery on a companion case, the Defendants informed the

AUSA that the Plaintiffs were transferred to other detention facilities outside of Connecticut.

The AUSA informed the ICE OPLA attorney that the Plaintiffs were transferred out of Hartford.

The ICE OPLA attorney then contacted the ICE DRO Field Office Directors office to get the

detention files.

7.    Once the OPLA attorney received the responsive records from the field offices, he

forwarded them to the AUSA, who forwarded the records to the ICE FOIA office. Some

responsive records were forwarded directly to the ICE FOIA office from the DRO Field Offices/

## Searches of DRO Field Offices and Detention Facilities

8.    Boston Field Office Director, ("Boston FOD") conducted a search of his Outlook

folders and archived folders using the find function and the search term "Danbury". The term

Danbury was used, because that term is the only term Boston FOD would have used to store any emails responsive to Plaintiff's request.

9.     Assistant Field Office Director for the Boston Field Office ("AFOD Boston") advised his staff to conduct a search of the detention records. The detention records are kept in the central filing cabinet and are filed by alien number. The employees conducted a manual hand search and forwarded responsive records to the ICE OPLA attorney, who forwarded the records to the FOIA office. AFOD Boston also requested that the Suffolk County and Plymouth County facilities conduct a search for records of individuals who had been transferred to these facilities from the Hartford. The Suffolk and Plymouth County facilities conducted a search and forwarded responsive records to AFOD Boston. AFOD Boston forwarded records to ICE OPLA attorney who forwarded records to ICE FOIA office.

10.     Supervisory Immigration Enforcement Agent of the Port Isabel Detention Center ("SIEA Port Isabel") conducted a manual hand search of the paper files in the Port Isabel Detention Center. The paper files are maintained in a storage room in boxes. The boxes are organized by the date the detainee was released from custody. SIEA Port Isabel completed his search and forwarded responsive documents to ICE FOIA office for processing.

11.     SIEA of the Willacy Detention Center ("SIEA Willacy") instructed security contractor to conduct a manual hand search of the paper files in the Willacy Detention Center. The paper files are maintained in a Connex metal storage unit and the files are organized by the date the detainee was released from custody. A search of the paper files was done using the alien numbers as search terms. The search was completed and the responsive documents were forwarded to the ICE FOIA office for processing.

12. SIEA of the Boston Field Office ("SIEA Boston") conducted a search of the ENFORCE database using the alien numbers of detainees as search terms. SIEA Boston searched his computer desktop using the search function at the start menu and typing the alien numbers as search terms. SIEA Boston also instructed employees at the Plymouth and Suffolk County detention facilities to conduct a search of their files for records responsive to Plaintiff's request. Once the searches were completed at the detention facilities, the records were faxed to SIEA Boston.

13. Assistant SIEA of the Boston Field Office ("ASIEA Boston") conducted a search of the offices' paper detention files. The paper detention files are maintained in the central filing cabinet and the files are organized by the date the detainee was released from custody. The search was completed and the responsive documents were forwarded to the ICE FOIA office for processing.

14. Supervisory Detention and Deportation Officer in the Hartford Connecticut Field Office ("SDDO Hartford") conducted a search of the offices' paper detention files. The paper detention files are maintained in the central filing cabinet and the files are organized alphabetically by detainee's name. SDDO Hartford conducted the search by using the detainees name and alien number. Once search was completed and the responsive documents were forwarded to the OPLA attorney who forwarded documents to the ICE FOIA office for processing.

15. The Field offices and ICE OPLA attorney forwarded the additional records to the ICE FOIA office. The ICE FOIA office processed the documents and in a letters dated March 6, 2009, released them to Plaintiffs. See Exhibit 1.

16. Also, as a result of the Court's Order dated June 30, 2008, my office re-reviewed the exchanges of information between Hartford DRO and the ICE FOIA Office when Plaintiffs' request was originally being processed and further reviewed with Hartford DRO the various issued raised by the Court regarding the adequacy of the search conducted in this case. As a result, on July 7, 2008, Hartford DRO re-searched its records systems to make certain its search was reasonably calculated to uncover all responsive documents. Hartford DRO found additional responsive records, as explained in paragraphs 14, 15 and 16 below, that it originally had thought were duplicative of records already produced to the ICE FOIA office. Based upon information and belief, all of the additional records found contain duplicative information, but are not identical records, to those already processed by the ICE FOIA Office.

18. Hartford DRO also has access to the Deportable Alien Control System (DACS). DACS is a DOS-based case or docket management system which contains information on all aliens placed into removal proceedings in the United States. It contains biographic and court proceeding (Executive Office of Immigration Review or "EOIR") information relative to the removal process such as address, appeals/motions filed, final order, stays of deportation, criminal records, related cases, miscellaneous information and case comments, and bond information. This is an ICE national system accessible by all ICE offices from which information can be entered, manipulated and extracted. Therefore, Hartford DRO forwarded to the ICE FOIA Office additional.

19. Hartford DRO also has access to the Fugitive Case Management System ("FCMS"), a Web-based database administered by ICE Headquarters ("HQ"), Office of Detention and Removal Operations (DRO) that is composed of leads for fugitive aliens wanted by ICE and an index of aliens arrested by ICE. All HQ personnel and DRO Offices nationally

can enter, manipulate and extract data from this system. It is searchable by alien registration number only. On July 7, 2008, a supervisory officer at Hartford DRO familiar with the Danbury arrests on September 19, 2006, supervised a search of FCMS, which produced records responsive to Plaintiffs' FOIA request that are being forwarded to the ICE FOIA Office for review, processing, and release to Plaintiffs to the extent not exempt from disclosure under FOIA. It is believed that the information within these documents is duplicative of the information Plaintiffs have already received.

20.    Hartford DRO also has access to the Stays Database. This system is an index of cases where Stays of Deportation/Removal have been issued by the immigration court (EOIR), the Board of Immigration Appeals (BIA), the U.S. District Court for the District of Massachusetts and the 1st Circuit Court of Appeals. It is administered by the Office of Chief Counsel (OCC) located in Boston and information is entered into it by the Boston and Hartford OCC. DRO Offices in Boston and Hartford have "look-only" access and cannot enter or manipulate information within. This system is searched by alien registration number (ARN) only. On July 7, 2008, Hartford DRO queried the Stays Database with respect to the particular alien registration numbers found pursuant to this FOIA request and responsive records were printed out indicating no stays or restrictions applied to any of the alien numbers queried. These records were provided to the ICE FOIA Office for review, processing, and release to Plaintiffs to the extent not exempt from disclosure under FOIA.

21.    The ICE FOIA office processed the additional records located by the Hartford DRO office and provided them to Plaintiffs on March 6, 2009.

22.    By letter dated March 6, 2009, the ICE FOIA office provided Plaintiff with additional records located by DRO filed offices. In that letter, the ICE FOIA office

informed Plaintiffs that another search was conducted in our office of Detention and Removal Operations and an additional 566 pages of responsive records were. Of the 566 pages, I determined that 93 pages of the records are releasable in their entirety, 317 pages are partially releasable, and 201 pages are withheld in their entirety pursuant to Title 5 U.S.C. § 552 b2 high and low, b6, b7C and b7E of the FOIA.

23. By letter dated March 27, 2009, the ICE FOIA office provided Plaintiff with additional records located by DRO filed offices. In that letter, the ICE FOIA office informed Plaintiffs that another search was conducted in our office of Detention and Removal Operations and an additional 13 pages of responsive records were. Of the 13 pages, I determined that 3 pages are released in their entirety, 3 pages of the records are partially releasable, and seven pages are withheld in their entirety pursuant to Title 5 U.S.C. § 552 b2, b6 and b7C of the FOIA.

24. The searches ICE conducted in this case were reasonably designed and conducted to uncover all documents responsive to Plaintiffs' FOIA request. ICE DRO personnel with knowledge of the enforcement activities conducted in Danbury, Connecticut set forth in Plaintiffs' request letter assisted in identifying and searching relevant files, both physical and electronic. All files likely to contain responsive records were searched using methods appropriate to the file type and reasonably expected to produce the information requested.

Executed this 31st day of March, 2009.

Catrina Pavlik-Keenan
Freedom of Information Officer
Freedom of Information Act Office
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## FOIA EXEMPTIONS

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

The information exempt under high (b)(2) consists of internal codes, FBI numbers, computer function commands, identification numbers, classification codes, and other administrative codes. Although these codes bear no relationship to the substantive contents of the records, the disclosure of this information would provide the holder of the information with law enforcement sensitive information about the case, such as the type and location of the case; whether or not the subject of the case should undergo close inspection; and the distribution of information relating to the case, which would indicate the scope and size of the investigation in terms of agency resources, types of activity under investigation, and location of investigative efforts. The disclosure of these codes and the other computer function commands could assist unauthorized parties to decipher the meaning of the codes, aid in gaining improper access law enforcement databases, and assist in the unauthorized parties navigation of the law enforcement databases. Once the unauthorized parties have

access to the law enforcement databases, they could impede an ongoing investigation by altering or deleting sensitive and valuable law enforcement information. This quantity and quality of information contained in these records if disclosed not only could impede an ongoing investigation but also create danger for ICE personnel assigned to the case.

Exemption (b)(2) (low) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency.

Information exempted pursuant to (b)(2) include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy

The information exempt under (b)(6) consists of third party personally identifiable information, including alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff.

Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy.

The information exempt under (b)(7)(C) consists of third party personally identifiable information, including alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties.

Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exempted agency employees are law enforcement agents who were and still are in positions of access

to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.

Exemption (b)(7)(E) of the FOIA exempts records or information compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecution if such disclosure could reasonably be expected to risk circumvention of the law.

The information exempted pursuant to (b)(7)(E) includes law enforcement techniques regarding the apprehension of individuals and database checks. The disclosure of this information could negatively impact the future effectiveness of these apprehension techniques.

Executed this 31st day of March, 2009.

Catrina Pavlik-Keenan
Catrina Pavlik-Keenan
Freedom of Information Officer
Freedom of Information Act Office
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release 1 - 4 | 9/20/06 | | FCMS Printout without in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C). |

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute. Disclosure of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. Information exempted pursuant to (b)(2) include: internal agency codes. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | |
| 5 - 19 | 10/5/06 | General Inquiry | File location printout. These documents was withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C). |

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. The information exempt under (b)(2) high consists of agency URLs, the release of which would allow the public access to ICE's secured websites.

Exemptions (b)(6) and (b)(7)(C) are only asserted on pages 6, 7, 17, 18 and 19.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | |
| 20 - 33 | No date | Fugitive Case Management System Weekly Arrest Report | These records are withheld in part pursuant to FOIA exemption (b)(2), (b)(6), (b)(7)(C) and (b)(7)(E).

The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 34 - 213 | 7/3/08 | DACS printouts | These document are withheld in part pursuant to FOIA exemptions (b)(2), (b)(6), and (b)(7)(C).<br><br>These documents are database printouts which contains personally identifiable information including: A-File number, name, date of birth, country of citizenship, address, conviction status and process, social security number, and predator status. These documents are created internally prior to the execution of an ICE law enforcement operation and may be shared with other agencies participating in the law enforcement operation.<br><br>The information exempt under high (b)(2) and (b)(7)(E) consists of case file numbers, internal codes, computer function commands, identification numbers, classification codes, and other administrative codes. Although these codes bear no relationship to the substantive contents of the records, the disclosure of this information would provide the holder of the information with law enforcement sensitive information about the case, such as the type and location of the case; whether or not the subject of the case should undergo close inspection; and the distribution of information relating to the case, which would indicate the scope and size of the investigation in terms of agency resources, types of activity under investigation, and location of investigative efforts. The disclosure of these codes and the other computer function commands could assist unauthorized parties to decipher the meaning of the codes, aid in gaining improper access law enforcement databases, and assist in the unauthorized parties navigation of the law enforcement databases. Once the |

| Document Number<br><br>ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | unauthorized parties have access to the law enforcement databases, they could impede an ongoing investigation by altering or deleting sensitive and valuable law enforcement information. This quantity and quality of information contained in these records if disclosed not only could impede an ongoing investigation but also create danger for ICE personnel assigned to the case. Once the unauthorized parties have access to the law enforcement databases, they could impede an ongoing investigation by altering or deleting sensitive and valuable law enforcement information. This quantity and quality of information contained in these records if disclosed not only could impede an ongoing investigation but also create danger for ICE personnel assigned to the case.<br><br>Exemption (b)(6) and (b)(7)(C) are only asserted on documents: 36, 43, 44, 48, 56, 63-66, 76, 83-85, 88, 96, 103-105, 108, 116, 123-125, 128, 136, 144, 145, 148, 156, 164, 165, 168, 176, 183-185, 188, 196, 203-205 and 208.<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |
| | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 214 | 10/05/2006 | Detainee Personal Property Receipt new Admission Issuance List | This document is withheld in part pursuant to exemptions (b)(6) and (b)(7)(C).

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07- 49325 supp. release | | | |
| 215 | No date | Detainee Volunteer Work Program Agreement | This document was released in full |
| 216 - 217 | 10/05/2006 | Immigration and Customs Enforcement Detainee Classification System – Primary Assessment Form | This document is withheld in part pursuant to exemptions (b)(6) and (b)(7)(C).

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 219 - 220 | | I-213 Record of Deportable/ Inadmissible Alien | The I-213 form is completed by law enforcement officials when an alien is apprehended. This document is withheld in part pursuant to (b)(2)low and high, (b)(6), (b)(7)(C) and (b)(7)(E).

The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws.<br><br>Exemption (b)(2)(low) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2) include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |
| | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 221 | 10/10/2006 | Important Message | This document is a phone message for the detainee and is withheld in part pursuant to (b)(6) and (b)(7)(C). Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 222 - 223 | 10/24/2006 | Order to Detain or Release Alien | This document is withheld in part pursuant to (b)(6) and (b)(7)(C). Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |
| | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 224 | 10/24/2006 | Notification Requirement for Change of Address | Released in full. |
| | 10/24/2006 | Medical Summary of Federal | This document is a phone message for the detainee and is withheld in part pursuant to (b)(2) high, (b)(6) and (b)(7)(C). |
| | | | Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | the law and avoid detection.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 226 | No date | Blank page | Released in full. |
| 227 | 10/23/2006 | Order to Detain or Release Alien | This document is withheld in part pursuant to (b)(6) and (b)(7)(C).

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE.07-49325 supp. release | | | investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 228 | 10/23/2006 | Bond Worksheet | This document is withheld in full pursuant to (b)(2)high, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

The information exempt under (b)(6) consists of third party personally identifiable information, including name, address, phone number and social security number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff.

The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name, address, phone number and social security number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties. |
| 229 - 230 | 10/23/2006 | Notification Requirement for Change of Address | This document is redacted in part pursuant to (b)(6) and (b)(7)(C).

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 231 | 10/23/06 | Warrant of | This document is redacted in part pursuant to (b)(6) and (b)(7)(C). |

13

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | Arrest of Alien | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 232 | 10/05/2006 | Detainee Personal Property Receipt new Admission Issuance List | This document is withheld in part pursuant to exemptions (b)(6) and (b)(7)(C).<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |

14

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | |
| 233 | No date | Detainee Volunteer Work Program Agreement | This document was released in full |
| 234 - 235 | 10/05/2006 | Immigration and Customs Enforcement Detainee Classification System – Primary Assessment Form | This document is withheld in part pursuant to exemptions (b)(6) and (b)(7)(C). Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 236 | 10/05/2006 | I-213 alternative card | This document is redacted in part pursuant to (b)(2)low. Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: FINS numbers. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 237 - 238 | | I-213 Record | |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | of Deportable/ Inadmissible Alien | The I-213 form is completed by law enforcement officials when an alien is apprehended. This document is withheld in part pursuant to (b)(2)low and high, (b)(6), (b)(7)(C) and (b)(7)(E).

The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws.

Exemption (b)(2)(low) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2) include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 239 - 240 | 10/23/2006 | Order to Detain or Release Alien | This document is withheld in part pursuant to (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. |
| 241 | 10/23/2006 | Bond Worksheet | This document is withheld in full pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. |
| 242 - 243 | 10/23/2006 | Notification Requirement for Change of Address | Released in full. |
| 244 | 10/23/06 | Warrant for Arrest of Alien | Released in full. |
| 245 - 246 | 10/24/2006 | Medical Summary of Federal | This document is a phone message for the detainee and is withheld in part pursuant to (b)(2) low, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2) (low) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2) include: phone numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 247 | 10/05/2006 | Detainee Personal Property Receipt new Admission Issuance List | This document is withheld in part pursuant to exemptions (b)(6) and (b)(7)(C).

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 248 - 249 | 10/05/2006 | Immigration and Customs Enforcement Detainee | This document is withheld in part pursuant to exemptions (b)(6) and (b)(7)(C).

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | Classification System – Primary Assessment Form | exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 250 | No date | Immigration and Customs Enforcement Willacy Processing Center Detainee Volunteer Work Program Agreement | Released in full. |
| 251 - 252 | 9/20/2006 | I-213 Record of Deportable/ Inadmissible Alien | The I-213 form is completed by law enforcement officials when an alien is apprehended. This document is withheld in part pursuant to (b)(2)low and high, (b)(6), (b)(7)(C) and (b)(7)(E).

The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws.<br><br>Exemption (b)(2)(low) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2) include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |

| Document Number<br>ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 253 to 254 | 10/23/2006 | Order to Detain or Release Alien | This document is withheld in part pursuant to (b)(6) and (b)(7)(C).<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 255 | 10/23/06 | Notification Requirement for Change of Address | Released in full |
| 256 | 10/23/06 | Medical Summary | This document is withheld in part pursuant to (b)(6) and (b)(7)(C). |

22

| Document Number<br>ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
|  |  |  | Exemption (b)(6) of the FOIA exempts from mandatory disclosure disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |
|  |  |  | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 257 | 10/05/2006 | I-213 alternative card | This document is redacted in part pursuant to (b)(2)low.<br><br>Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: FINS numbers. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 258 | 10/23/2006 | Order to Detain or Release Alien | This document is withheld in part pursuant to (b)(6) and (b)(7)(C).<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 259 | 10/23/2006 | Bond Worksheet | This document is withheld in full pursuant to (b)(2)high, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could |
| | | | |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 260 - 261 | 10/23/2006 | Notification Requirement for Change of Address | This document is redacted in part pursuant to (b)(6) and (b)(7)(C).<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 262 | 10/23/06 | Warrant of Arrest of Alien | This document is redacted in part pursuant to (b)(6) and (b)(7)(C).<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | |
| | | | and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 263 | 10/5/2006 | Detainee Personal Property Receipt New Admission Issuance List | This document is redacted in part pursuant to (b)(6) and (b)(7)(C).<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 264 - 265 | 10/05/2006 | Immigration and Customs Enforcement Detainee Classification System – Primary Assessment | This document is withheld in part pursuant to exemptions (b)(6) and (b)(7)(C).<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees |

| Document Number | Document Date | Subject | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | Form | and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 266 | No date | Immigration and Customs Enforcement Willacy Co. Processing Center Detainee Volunteer Work Program Agreement | Released in full |
| 267 | 10/26/06 | Medical Summary of Federal Prisoner/Alien in Transit | This document is withheld in part pursuant to exemptions (b)(6) and (b)(7)(C).

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 268 - 269 | 09/20/2006 | I-213 Record of Deportable/ Inadmissible Alien | The I-213 form is completed by law enforcement officials when an alien is apprehended. This document is withheld in part pursuant to (b)(2)low and high, (b)(6), (b)(7)(C) and (b)(7)(E).

The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws.

Exemption (b)(2)(low) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2) include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 270 | 10/05/2006 | I-213 alternative card | This document is redacted in part pursuant to (b)(2)low.

Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: FINS numbers. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 271-272 | 10/26/2006 | Order to Detain or Release Alien | This document is withheld in part pursuant to (b)(2) low, (b)(6) and (b)(7)(C).

Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |
| | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 273 - 274 | 10/23/2006 | Bond Worksheet | This document is withheld in full pursuant to (b)(2)high, (b)(6) and (b)(7)(C). |
| | | | Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. |
| | | | The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 275 | 10/24/2006 | Alien Booking Card | This document is withheld in part pursuant to (b)(2) high, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 276 | No date | Release Verification Card | This document is withheld in part pursuant to (b)(2)(high, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would reveal risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers and internal alert numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| 277 | 10/6/2000 | Detainee Personal Property Receipt | investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations.

This document is withheld in part pursuant to (b)(6) and (b)(7)(C).

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 278 | 10/24/2006 | DACS database Print | This document is withheld in part pursuant to (b)(2) low, (b)(6) and (b)(7)(C).

Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 279 | 10/23/2006 | Bond Worksheet | This document is withheld in full pursuant to (b)(2)high, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 280 | 10/26/06 | Medical Summary of Federal Prisoner/Alien in Transit | This document is withheld in part pursuant to exemptions (b)(2)low (b)(6) and (b)(7)(C).

Exemption (b)(2) (low) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2) include employees direct phone numbers.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | |
| 281 - 282 | 10/26/06 | Medical Summary of Federal Prisoner/Alien in Transit | This document is withheld in part pursuant to exemptions (b)(6) and (b)(7)(C).<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 283 - 284 | 09/20/2006 | I-213 Record of Deportable/ Inadmissible Alien | The I-213 form is completed by law enforcement officials when an alien is apprehended. This document is withheld in part pursuant to (b)(2)low and high, (b)(6), (b)(7)(C) and (b)(7)(E).<br><br>The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws.<br><br>Exemption (b)(2)(low) of the FOIA exempts from mandatory disclosure records that are related solely to the |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2) include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 285 | 10/06/2006 | DACS database Print | This document is withheld in part pursuant to (b)(2) low, (b)(6) and (b)(7)(C).

Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 286 | No date | Immigration and Customs Enforcement Detainee Volunteer Work Program Agreement | This document is redacted in part pursuant to (b)(6) and (b)(7)(C).

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 287 | 10/05/2006 | Medically Screened | Detainee Screening document Released in full |
| 288 - 289 | 9/20/2006 | Alien Booking Record | This document is redacted in part pursuant to (b)(2)high and low, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FBI and FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 290 | No date | Order to Detain or Release Alien | This document is withheld in full pursuant to (b)(2)low, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law |

41

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 291 | 9/20/2007 | Alien Booking Record | This document is redacted withheld in full pursuant to (b)(2)high and low, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FBI and FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 292 | 2/20/2007 | Transportation Co. Baggage Check No. | This document is a baggage claim check and withheld in full pursuant to (b)(6), (b)(7)(C).<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties . |
| 293 | | | This is a property accountability form and is withheld in full pursuant to (b)(6) and (b)(7)(C).<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | |
| 294 | 10/2001 | List of Legal Services | Withheld in part pursuant to (b)(6), and (b)(7)(C).<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 295 | 02/20/2007 | Notification of Arrest/Detention of A National of Your Country | Withheld in full pursuant to (b)(6) and (b)(7)(C).<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties. |
| 296 | 2/20/2007 | Fax Cover Sheet | Withheld in full pursuant to (b)(6) and (b)(7)(C). The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties. |
| 297 | 9/19/2006 | Alien Booking Record | This document is redacted in part pursuant to (b)(2)high and low, (b)(6) and (b)(7)(C). Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FBI and FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release 298 | 9/19/2006 | Alien Booking Record | This document is redacted in part pursuant to (b)(2)high and low, (b)(6) and (b)(7)(C). Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FBI and FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 299 | 9/19/2006 | Alien Booking Record | This document is redacted in part pursuant to (b)(2)high and low, (b)(6) and (b)(7)(C). |
| | | | Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FBI and FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. |
| | | | Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 300 | 9/19/2006 | Alien Booking Record | This document is redacted in part pursuant to (b)(2)high and low, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FBI and FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar |

| Document Number<br>ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |
| | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 301 | 9/19/2006 | Alien Booking Record | This document is redacted in part pursuant to (b)(2)high and low, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FBI and FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this |

| Document Number<br>ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | information would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 302 | 9/19/2006 | Alien Booking Record | This document is redacted in part pursuant to (b)(2)high and low, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FBI and FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information. |
| | | | Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 303 | 9/22/2006 | Order to Detain or Release Alien | This document is withheld in part pursuant to (b)(2)low and (b)(2)(high).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | Exemption (b)(2) (low) of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2) include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 304 | 9/19/2006 | Alien Booking Record | This document is redacted in part pursuant to (b)(2)high and low, (b)(6) and (b)(7)(C). |
| | | | Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FBI and FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. |
| | | | Exemption (b)(2)low of the FOIA exempts from mandatory disclosure records that are related solely to the internal personnel rules and practices of an agency. Information exempted pursuant to (b)(2)low include: file numbers, case numbers, and internal agency codes. While these codes have internal significance, they are trivial in nature and bear no relation to the substantive contents of the record. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individuals in the records outweigh any minimal public interest in the disclosure of the information.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. |
| 305 - 306 | No date | 1-216 Workbook Instructions | This document is withheld in part pursuant to (b)(2)high and (b)(7)(E).<br><br>The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws. |
| 307 – 313 | No date | DOCC 1-216 | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 314 - 320 | No date | Move Summary | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individual in the records outweigh any minimal public interest in the disclosure of the information. Requester does not have consent from the subject of the record.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. The requester does not have consent from subject to have access to this record. |
| 321 - 322 | No date | I-216 Workbook Instructions | This document is withheld in part pursuant to (b)(2)high and (b)(7)(E).<br><br>The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws. |
| 323 - 329 | No date | DOCC 1-216 | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | No date | | parties |
| 330 - 340 | No date | Move Summary | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individual in the records outweigh any minimal public interest in the disclosure of the information. Requester does not have consent from the subject of the record.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. The requester does not have consent from subject |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | to have access to this record. |
| 341 - 342 | No date | I-216 Workbook Instructions | This document is withheld in part pursuant to (b)(2)high and (b)(7)(E).<br><br>The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws. |
| 343 - 349 | No date | DOCC I-216 | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 350 - 357 | No date | Move Summary | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C). |
| | | | Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection. |
| | | | Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | individual in the records outweigh any minimal public interest in the disclosure of the information. Requester does not have consent from the subject of the record.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. The requester does not have consent from subject to have access to this record. |
| 358 - 359 | No date | I-216 Workbook Instructions | This document is withheld in part pursuant to (b)(2)high and (b)(7)(E).<br><br>The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws. |
| 360 - 366 | No date | DOCC I-216 | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 367 - 374 | No date | Move Summary | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. |

| Document Number ICE 07-49325 supp. release | Document Date | Subject: | Document Description |
|---|---|---|---|
| | | | Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individual in the records outweigh any minimal public interest in the disclosure of the information. Requester does not have consent from the subject of the record.

Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. The requester does not have consent from subject to have access to this record. |
| 375 - 376 | No date | 1-216 Workbook Instructions | This document is withheld in part pursuant to (b)(2)high and (b)(7)(E).

The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws. |
| 377 - 383 | No date | DOCC 1-216 | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | parties |
| 384 - 391 | No date | Move Summary | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individual in the records outweigh any minimal public interest in the disclosure of the information. Requester does not have consent from the subject of the record.<br><br>Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. The requester does not have consent from subject to have |

66

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | No date | | access to this record. |
| 392 - 393 | No date | I-216 Workbook Instructions | This document is withheld in part pursuant to (b)(2)high and (b)(7)(F).<br><br>The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws. |
| 394 - 400 | No date | DOCC I-216 | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 401 - 408 | No date | Move Summary | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individual in the records outweigh any minimal public interest in the disclosure of the information. Requester |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | does not have consent from the subject of the record.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. The requester does not have consent from subject to have access to this record. |
| 409 - 410 | No date | I-216 Workbook Instructions | This document is withheld in part pursuant to (b)(2)high and (b)(7)(E).<br><br>The information exempt under high (b)(2) and (b)(7)(E) consist of internal codes and third law enforcement database checks. The disclosure of this information in combination with other information could allow the public to circumvent the law. The circumvention could occur if individuals with specific knowledge about ICE databases accessed those databases as well as inform the fugitive and the public of the specific information the agency deems significant to perform its law enforcement functions. Further, as these individuals are currently in violation of immigration laws, the disclosure of this information which would risk further circumvention of those laws. As these individuals are currently in violation of immigration laws, the disclosure of this information would risk further circumvention of immigration laws. |
| 411 - 417 | No date | DOCC I-216 | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | FINS numbers. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 418 - 425 | No date | Move Summary | This document is withheld in part pursuant to (b)(2)high, (b)(6) and (b)(7)(C).

Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: FINS numbers. The disclosure of this |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>Exemption (b)(6) of the FOIA exempts from mandatory disclosure personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Information exempted pursuant to (b)(6) include the identities of law enforcement agents. The privacy interest of the individual in the records outweigh any minimal public interest in the disclosure of the information. Requester does not have consent from the subject of the record.<br><br>Exemption (b)(7)(C): Information exempted pursuant to (b)(7)(C) include the identities of agency employees and third parties, including witnesses and found in law enforcement records. The exemption is applied to protect from disclosure information compiled for law enforcement purposes that, if released to the public, could constitute an unwarranted invasion of personal privacy. The exempted agency employees are law enforcement agents who were and still are in positions of access to information regarding law enforcement investigations. Their identities if released could subject them to harassing inquiries for unauthorized access to information regarding ongoing and closed investigations. The requester does not have consent from subject to have access to this record. |
| 426 – 431 | 09/20/2006 | Plymouth County Corrections Facility Inmate Summary | These documents are withheld in part pursuant to (b)(2) high.<br><br>Exemption (b)(2)(high) of the FOIA protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Information exempted pursuant to (b)(2) include: the booking codes. The disclosure of this information would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Whether there is any public interest in disclosure is |

| Document Number | Document Date | Subject | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name . The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in disclosure of this information could subject them to embarrassment, harassment, and undue association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information in the information contained in the record outweighs any public attention. The individuals' privacy interest in the information, and disclosure of such information would not minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties. |
| 432 | | Central Falls Detention Facility Corporation Fax Cover | This document is withheld in full pursuant to (b)(6) and (b)(7)(C).<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at |

| Document Number | Document Date | Subject: | Document Description |
|---|---|---|---|
| ICE 07-49325 supp. release | | | issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |
| 433 - 438 | | Booking documents | These documents are withheld in full pursuant to (b)(6) and (b)(7)(C).<br><br>The information exempt under (b)(6) consists of third party personally identifiable information, including name and alien registration number. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. The individuals identified in the record have not provided consent to the disclosure of their information to the Plaintiffs and therefore, the agency lacks consent to disclose this information to the Plaintiff. The information exempt under (b)(7)(C) consists of third party personally identifiable information, including name and alien registration number. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the law enforcement operation at issue could constitute an unwarranted invasion of personal privacy, and disclosure of this information could subject them to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties |

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANBURY AREA COALITION FOR THE | : |
| RIGHTS OF IMMIGRANTS, ET AL | :    CIVIL NO. 3:06CV1992 (RNC) |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| U.S. DEPARTMENT OF HOMELAND | : |
| SECURITY, | : |
| Defendants. | :    April 1, 2009 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2009 a copy of an additional Vaughn Index and

Supplemental Declaration of Catrina Pavlik-Keenan in Support of DHS's Motion for Summary

Judgment were filed electronically and served by mail on anyone unable to accept electronic

filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's

electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the

Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

        /s/

DOUGLAS P. MORABITO
ASSISTANT U.S. ATTORNEY
ATTORNEY BAR NO.
157 CHURCH STREET, 23RD FLOOR
NEW HAVEN, CT 06510
TELEPHONE (203) 821-3700
FAX: (203) 773-5373
EMAIL: Douglas.Morabito@usdoj.gov