UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANBURY AREA COALITION FOR THE   :
RIGHTS OF IMMIGRANTS, ET AL.,    :
                                 :
     Plaintiffs,                 :
                                 :
V.                               :          CASE NO. 3:06CV1992(RNC)
                                 :
U.S. DEPARTMENT OF HOMELAND      :
SECURITY,                        :
                                 :
     Defendant.                  :

RECOMMENDED RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

     The plaintiffs bring this action pursuant to the Freedom of
Information Act ("FOIA"), 5 U.S.C. § 552, seeking declaratory and
injunctive relief to compel the disclosure of certain immigration
records held by the defendant, the United States Department of
Homeland Security.   Pending before the court is the defendant's
motion for summary judgment.   (Doc. #52.)   For the reasons that
follow, the motion should be denied without prejudice.

I.   Legal Standard

     The FOIA provides that "any member of the public is entitled
to have access to any record maintained by a federal agency, unless
that record is exempt from disclosure under one of the Act's nine
exemptions." A. Michael's Piano, Inc. v. F.T.C., 18 F.3d 138, 143
(2d Cir. 1994).   The defendant agency must disclose "[a]ny
reasonably segregable portion of a record . . . after deletion of
the portions [that] are exempt." 5 U.S.C. § 552(b).   The court
conducts a "de novo review of agency claims of exemptions, and the

burden is upon the agency to justify nondisclosure. § 552(a)(4)(B)." <u>Africa Fund v. Mosbacher</u>, 92 CIV. 289 (JFK), 1993 WL 183736, at *3 (S.D.N.Y. May 26, 1993).

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." <u>Jones-Edwards v. Appeal Bd. of the Nat'l Sec. Agency Cent. Sec. Agency</u>, 352 F. Supp.2d 420, 423 (S.D.N.Y. 2005). "To prevail on a motion for summary judgment in a FOIA case, the defending agency bears the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." <u>Carney v. Department of Justice</u>, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden. . . . Affidavits submitted by an agency are accorded a presumption of good faith . . . ; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." <u>Id.</u> (citations and internal quotation marks omitted.) "When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits." <u>Id.</u> However, "the good faith presumption that attaches to agency affidavits only applies when accompanied by reasonably detailed explanations of why material was

withheld.   Absent a sufficiently specific explanation from an agency, a court's de novo review is not possible and the adversary process envisioned in FOIA litigation cannot function." Halpern v. F.B.I., 181 F.3d 279, 295 (2d Cir. 1999).

The agency's "justification typically takes the form of a Vaughn index," which "must explain specifically which of the nine statutory exemptions to FOIA's general rule of disclosure supports the agency's decision to withhold a requested document or to delete information from a released document." El Badrawi v. Department of Homeland Sec., 583 F. Supp.2d 285, 310 (D. Conn. 2008).  A Vaughn index should provide "information that is not only specific enough to obviate the need for an in camera review, but that also enables the court to review the agency's claimed redactions without having to pull the contextual information out of the redacted documents for itself." Halpern, 181 F.3d at 294.

II.  Background

In October 2006, the plaintiffs submitted the FOIA request at issue.   When the defendant did not respond, the plaintiffs initiated this action in December 2006.   By December 2007, the defendant had located 637 pages of responsive documents.  Of these, 530 pages were released and 107 were withheld.   Of the 530 pages released to the plaintiffs, 261 were redacted.  (Doc. #52-2, Def's Mem. at 4.)

The defendant then filed the instant motion, claiming that it

was entitled to summary judgment because its search was adequate and the documents it withheld fell within an exemption to the FOIA. In support of its motion, the defendant offered the declaration of Anastazia Taylor, a paralegal specialist in the FOIA/Privacy Act Office at U.S. Immigration and Customs Enforcement in the Department of Homeland Security, and three <u>Vaughn</u> indices. (Doc. #52, Ex. A, Declaration of Anastazia Taylor, Exs. B-D.)

In response, the plaintiffs moved to stay adjudication of the motion and to permit them to conduct discovery regarding the defendant's search for a specific set of documents. (Doc. #56-2 at 8.) The plaintiffs also filed a memorandum in opposition to the defendant's motion. (Doc. #60.) The plaintiffs argued that the defendant was not entitled to summary judgment because: (1) as the plaintiffs contended in their motion to stay, the defendant's declaration was inadequate to demonstrate that it had conducted a reasonable search; (2) the <u>Vaughn</u> indices failed to describe with reasonable specificity the nature of the documents and did not sufficiently explain the defendant's efforts to segregate nonexempted material; and (3) notwithstanding the plaintiffs' claim that the indices were too vague to permit them to effectively challenge the exemptions, the defendant improperly withheld documents under certain exemptions.

The court subsequently determined that Ms. Taylor's declaration regarding the defendant's search was insufficiently

4

detailed and ordered the defendant to file a supplemental affidavit documenting the particulars of its search.[1]  (Doc. #77.)

In response to the court's order, the defendant submitted the declaration of Catrina Pavlik-Keenan ("Pavlik-Keenan"), the Director of the ICE FOIA office.  (Doc. #81.)  This declaration provided details about the defendant's search and also indicated that in July 2008 the defendant had located additional responsive documents which it was forwarding to ICE FOIA for processing.  See doc. #81, Pavlik-Keenan Decl. ¶¶25-26, 28-29.

In August 2008, after the defendant filed the Pavlik-Keenan declaration, the plaintiffs filed a supplemental memorandum in opposition to the defendant's summary judgment motion.  (Doc. #87.)  The plaintiffs noted the submission of Pavlik-Keenan's declaration but did not address the adequacy of the defendant's search.  The plaintiffs reiterated their argument that the defendant's Vaughn indices were too vague to permit them to effectively challenge the claimed exemptions.  They also argued that the defendant had not met its burden of showing that it had disclosed segregable portions of the documents withheld and had improperly withheld documents under certain exemptions.

Two months later, the plaintiffs filed a "Notice of Supplemental Authority."  (Doc. #89.)  The plaintiffs pointed the court's attention to a recent decision in a FOIA case in which the

---

[1]The court denied the plaintiffs' motion to stay.  (Doc. #88.)

court denied the defendants' motion for summary judgment and permitted discovery as to the defendants' searches. The plaintiffs "urged" this court to "adopt the same approach" but did not address the adequacy of the defendant's search as documented by the Pavlik-Keenan declaration. (Doc. #89 at 3.)

In January 2009, the defendant filed a "Notice of Intent to Supplement the Record." (Doc. #91.) The defendant stated that it had located more documents. It also indicated that the documents it had located in July 2008 had been "overlooked and inadvertently not processed by the FOIA Office for release to Plaintiffs." (Doc. #91 at 2.) As a result of these discoveries, the defendant intended to "supplement the searches in this case, process the records discovered in the July 2008 search [and] the newly discovered records [as well as] any additional records that might be discovered as a result of supplemental searches it has initiated today. In addition the defendant will re-process the records found a result of its original search to make certain that it has fully released to plaintiffs all meaningful information that can be reasonably segregated from any information withheld on the bases of exemptions to the FOIA." (Doc. #91 at 2-3.)

Thereafter, in April 2009, the defendant filed another declaration by Pavlik-Keenan describing its "supplemental search." (Doc. #94, Pavlik-Keenan Decl. ¶5.) According to this declaration, the defendant provided the records it found in the July 2008 search

6

to the plaintiffs in March 2009.  (Pavlik-Keenan Decl. ¶21.)  The
declaration goes on to say that as a result of subsequent searches,
it located more than 500 additional pages of responsive documents.[2]
Attached to Pavlik-Keenan's declaration was a supplemental Vaughn
index.   The plaintiffs have not responded to this latest
submission.

III. Discussion

        The court first addresses the initial three Vaughn indices
submitted with the defendant's moving papers.  See doc. #52-2, exh.
B-D.  Although the defendant filed supplemental declarations as to
its search, it does not appear to have supplemented or amended
these indices.   The court agrees with the plaintiffs that these
Vaughn indices are not sufficiently detailed.   "[A]ffidavits and
indices must be 'relatively detailed' and nonconclusory to serve
their intended purpose of providing the requester and the Court
with a basis for determining whether the agency properly withheld
certain information under FOIA's exemptions." Allard K. Lowenstein
Intern. Human Rights Project v. U.S. Dept. of Homeland Sec., 603 F.

---

[2]The declaration states that the defendant located "an
additional 566 pages of responsive records." (Doc. #94, Pavlik-
Keenan Decl. ¶22.) According to the declaration, "[o]f these 566
pages, 93 were released in full, 317 were partially released and
201 pages were withheld in their entirety." (Id.) (The court
notes that when totalled, these numbers do not add up to 566, the
number of pages the defendant states it located.) After this
discovery, the declaration states, the defendant found 13 more
pages. (Id. at ¶23.) Of these 13 pages, 3 were released in full,
3 were partially released and 7 were withheld in their entirety.
(Id.)

Supp.2d 354, 360 (D. Conn. 2009).  The defendant's initial indices are replete with boilerplate language and vague and conclusory statements.[3]   They  do  not  provide  adequate  detail  for  the plaintiffs to contest the exemptions claimed in an "adversarial fashion," nor for this court to "engage in an effective de novo review." Halpern v. F.B.I., 181 F.3d 279, 293 (2d Cir. 1999). Because these indices do not contain enough information for the court  to  determine  whether  the  exemptions  claimed  have  been properly applied and to make "specific findings of segregability regarding the documents to be withheld," Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1116 (D.C.Cir. 2007), the defendant's motion should be denied.

Due to the muddied state of the record, the court is unable to discern what remains in dispute beyond the sufficiency of the defendant's initial Vaughn indices.  As indicated, after the parties briefed the adequacy of the defendant's initial search and production,  the  defendant  submitted  a  supplemental  declaration regarding its initial search, located and produced a significant amount of records and filed a second supplemental declaration and Vaughn index.  It is unclear to what extent these supplemental filings have addressed the plaintiffs' concerns.  The court does not have the benefit of the plaintiffs' response to either of the

---

[3]Some entries lack a description altogether.  See e.g., Vaughn Index, First Release, ##9-10, 52-54, 63-64, 94, 99-102, 104-05.

two Pavlik-Keenan declarations or the supplemental <u>Vaughn</u> index. (Doc. #81, 94.)  Because the record is so unclear as to what disputes are left between the parties, the defendant's motion should be denied without prejudice to refiling at a specific date to be set by the court.

IV.  <u>Conclusion</u>

Based on the foregoing, the undersigned recommends that the defendant's motion be denied without prejudice.

Either party may seek the district court's review of this recommendation.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this report to file written objections.  <u>See</u> Fed. R. Civ. P. 6, 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992) (failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated this 25th day of February, 2010 at Hartford, Connecticut.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge